Good morning. This is case number 4-12-1079, Topflight Grain Cooperative v. RJ Williams Farms et al. Attorney Unrath is here on behalf of the appellant. Attorney Cox is here on behalf of the appellee. Seeing Ms. Unrath, are you ready to proceed? Yes, ma'am. Thank you, Your Honor. May it please the Court, Counsel. Brief summary of the case. The appellee, RJW, entered into an oral contract for the sale of 200,000 bushels of corn. Topflight immediately sent out written confirmation of the contract, as they do with every contract, and claims that RJW breached that contract. But how do we know that they sent it out? Is it one of the issues that no one could testify that it was mailed? Yes, we have sworn affidavits from two individuals who state that it was mailed out. And the trial court's complaint with those affidavits is that we didn't identify the specific individual who mailed out the affidavits. We cited a case, the Tabor decision, that shows that we are not required to identify the actual person. We can support this not only with the affidavits, but if given the opportunity, with evidence of trade usage and practice. Not only with this customer, but with many others. Well, the trial court was aware of the Tabor decision, correct? I'm not certain it was, Your Honor. I honestly do not know how the court could have arrived at that decision, having read the Tabor decision. But I think that we're dealing with a much more fundamental issue here. In our complaint, we alleged that we sent out confirmations. Now, for purposes of a Section 2-619 motion to dismiss, the allegations in the complaint are accepted as true. Now, RJW, in its motion to dismiss, said those allegations are false. But they have no support for that. They have no competent evidence. They have no sworn affidavits. Now, under the Code of Civil Procedure, it is explicit. It says that if the affirmative matter of supporting dismissal of the case is not apparent from the face of the pleadings, you must file a sworn affidavit, attach that to your motion to dismiss. And that was not done. So what we have here is we have allegations in a complaint that must be accepted as being true. We don't even need sworn affidavits. They are accepted as true. Then we have opposing counsel standing up and saying, Your Honor, they're not true. It's all wrong. Case dismissed. Your Honor, now it's getting personal because I'm a defense attorney for the most part. If all I have to do in every case is stand up and say the allegations in the complaint aren't true and the case gets dismissed, well, I guess I'm out of a job because they won't need very many defense attorneys from that point on. The fact is that the motion to dismiss did not comport with the explicit requirements of the Code of Civil Procedure, nor does the motion to dismiss present the court with any competent evidence calling into question the veracity of our allegations and saying that we sent out these confirmations. There is no basis under the law whatsoever for granting RJW's motion to dismiss in this case. And it's not just a procedural matter. It's a substantive matter. They have to come forward with something other than a bold declaration that what we allege is not true. Now, on page 10 of its brief, RJW argues that it need not support its motion by affidavit because the issue of whether it received the confirmations is not a material fact. Well, I don't know how you can have a more material fact. That's the entire basis of the motion to dismiss. They claim that they never received these confirmations, and you have to come forward with something, some competent evidence supporting that notion. Now, there's also a number of other reasons for overturning this order granting a motion to dismiss. Let's assume solely for purposes of argument that RJW did come forward with sworn affidavits, a dozen of them, saying we never received these confirmations. We have two affidavits that say we did send them out. You have ten affidavits that say we didn't. Isn't that a genuine issue of material fact? Shouldn't that go to the trier of fact to find that out? Shouldn't we have the opportunity to engage in discovery and take a look at their business records, which I would imagine will shed some very bright light on whether these confirmations were actually received or not. Who is the trier of fact? Is it going to be the arbitrator if this case goes back, or is it the trial court? We believe that it's going to be decided by the arbitrator. And the reason for that is, and yet this is another aspect of the case supporting reversal of the trial court's order, is that the law is clear in Illinois that if you're attacking the contract itself, that's a decision for the arbitrator, not the trial court. Now, if you're arguing that the arbitration clause is somehow faulty, there's some flaw there, fine. That is an issue for the trial court. Well, that's not an allegation in this case. The only issue before this court is whether the contract is void, or actually the issue before the trial court. So what relief, then, are you asking from this court? We're asking, initially, that the order for dismissal be denied and remanded to the trial court with instructions to grant our, or rule in our favor on the motion to have this case arbitrated. There's yet another issue of fact, another reason for denying or overturning the order granting the motion to dismiss. As you know, in addition to the initial confirmation, Top Flight sent out a number of additional acknowledgments involving this contract. The original contract was formed in June 2010. We sent out a confirmation again, a second one, in September 2010, and yet another one in November 2010. You look at those confirmations, and they're right in the appendix to our brief, and you'll see that they identify not only the commodity, but the quantity, the price, delivery date. It's everything that we need to confirm these contracts. Now, opposing counsel has argued that those confirmations, those additional confirmations, were not received or sent out in a reasonable amount of time. Well, case law on this is uniform. The determination of whether or not it is a reasonable amount of time is a genuine issue of material fact. That is yet one more reason why this case should return to the trial court. Again, Your Honor, I think that to sum up, in the end, merely alleging that the allegations in a complaint are untrue, without any supporting documentation, and whether that claim is not supported by the face of the pleadings, a 2-619 motion cannot be granted. Counsel, before you conclude, I note you haven't argued to the court that there was a modification to the alleged original contract, nor have you argued partial performance in that some 80,000 bushels of corn was delivered to ADM. Is there a reason that you haven't focused on those particular issues? Because, at least in my view, they seem rather important. They seem very important to me as well, Your Honor, and I think that if we have a chance to develop this case, those reasons will become apparent. And I had some long discussions with my trial counsel because this case was dismissed at such an early stage that those facts are not in the record of appeal. At that point, any comment I make as to the reasons why we're focusing on the June 10th contract, as opposed to a reformed version of the contract which occurred in March 2011, anything I say on that is basically speculative and outside the record on appeal. I would love to discuss it, but I feel constrained in doing so. Isn't there evidence in the record that there was a modification? Yes. Just not the reasons for the modification. Precisely, Your Honor. Is there no further questions? Thank you very much. Thank you, Counsel. Mr. Cox. If it may please the Court. Counsel. Counsel. Obviously, I've prepared my own remarks, but I'd like to hone in on the questions that the Justices have asked to try to clarify real quick here. First of all, Justice Turner, I don't think there's any question the judge was aware of Tabor. The judge was concerned about the lack of reliable evidence that the alleged confirmations had been sent. And I know the Court doesn't want extensive quoting, but I think it's important to refer to the affidavit in the appellant's brief on page 8-11, paragraph 5. This was the alleged confirmation that was of concern to the trial court. And again, I quote, It is a customary practice for Top Flight to send a grain purchase agreement to sellers of grain the same day and offer to sell in an agreement by Top Flight to purchase such grain as made. Now, nowhere in there does it even put it in the context of this case. Nowhere did the plaintiffs, when they filed their complaint and brought this case, said we even did it in this case. We followed this custom in this case. Even if you accept the proposition from Tabor that Top Flight didn't have to identify a specific person that went to a specific box at a specific time and sent it individually, you still have to have some facts in the record that would indicate that there's a reliable basis for alleging that a confirmation was sent in this case. And there is none. There is just that blanket. We usually send it out in these types of cases. And Justice Pope, in regards to your comments on the arbitration, I'm sure, as the Court well knows, that a party can contest. Of course, arbitration clause assumes a binding and enforceable contract. And in this case, if we were to proceed, that would be an issue that would be of question. A party has a right to challenge arbitration or challenge the validity of the clause up front in the trial court if the trial court determines that there is an agreement to consent to binding arbitration. Then the case would go to binding arbitration, and the party would again have the right to seek review after the fact. So I just wanted to address those two concerns up front. Our argument, I think, is very simple. This is a 2-619 motion to dismiss. It was granted by Judge Freese under circumstances in which the only facts that he had before him were the facts that were alleged by the plaintiff and the facts that were included in the affidavit. So I understand this Court, under the de novo standard review that both Mr. Unrath and I have pled that the Court will apply in this case, will transplant their judgment for the trial court. But I think this Court will have to review the complaint and the evidence in the same way that Judge Freese did and would likely reach the same conclusion. Paragraph 2-619 indicates that claims are barred if the claim asserted is unenforceable under the statute of fraud or under the provision of the statute of fraud. It's our position that the Illinois Uniform Commercial Code statute of fraud applies to this case. So the problem here is that we have no reliable written confirmation and that notice wasn't sent within a reasonable period of time. So let's start. We have an alleged contract with the plaintiff where they say there was a grain contract or they assert there was a grain contract between the parties for the sale of 100,000 bushels of corn by a certain time. What we know, as a matter of fact, is this. There is no signed contract. So when we look in the statute of frauds for the phrase that indicates that we need to have a written confirmation, we're not going to find it in the signed contract, so we have to look beyond. Of course, the statute of frauds indicates that except as otherwise provided in this section, the contract for the sale of goods for the price of 500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made by the parties. So in this case, we know that doesn't exist in the contract. So if we look further, then we have to look and see if there are some other written confirmation or information that would give Mr. Williams notice that Top Flight believed this was in the array of contracts that may have existed between him and Top Flight. So there's a confirmation provision. If within a reasonable period of time, a writing in confirmation of the contract and sufficient, legally sufficient, is received by the party receiving it and has reasonable notice of its content, then that may satisfy the written requirement. I just read you the affidavit from Top Flight. At no place in this record, anywhere, can Top Flight assert we sent out a specific confirmation right after the alleged contract date to this gentleman and to this operation to confirm this agreement. All you have is this generic plea. So there's no confirmation forwarded by Top Flight that's legally sufficient to give notice. What about opposing counsel's statement that they don't need an affidavit because of the nature of your motion? What they plead in their complaint is taken as true. I still think it has to be legally sufficient. It has to identify facts and circumstances that would be sufficient for the court to determine that there was a reliable confirmation that was sent in the form of that confirmation and so forth. And I think, Your Honor, that fails on two respects. First of all, I think that their complaint fails and the affidavits fail because there's the same lack of specificity in terms of the circumstances of sending out crop year summaries and year end summaries and so forth. The other problem is even if the summaries were sent and there's no reliable information that they were and there's no reliable information that they were legally sufficient, but even if the summaries were sent, they don't include material terms that would be really important to another person if they were entering into a contract to sell over half a million dollars worth of grain. There is no price listed in the confirmations that Top Flight includes in its brief and in its packet that it asserts were sent to R.J. Williams Farms. Are you talking about the customer acknowledgements? Yes, ma'am. Yes, the customer acknowledgement, the year end summary and the crop year summaries. There are two kinds of reports, as I recall, Your Honor. One would be where it would list a number of open contracts and it would list terms. How about the hedge to arrive contracts? Don't they have a price there, a futures price based on the CBOT? There are sometimes prices listed in the hedge to arrive. I'm talking about these, the ones in this record. There is a price. Right. Well, the price is unreadable in the copies that were included in the brief that I have, and I presume were unreadable in anything that was generated by Top Flight. So I don't think it would give R.J. Williams notice that there was a specific price as one of the terms. So I think that's where it fails. Mr. Cox, if this case went to arbitration, would the arbitrator be allowed to decide whether there was a confirmation in fact? That would be one of the decisions the arbitrator would have to make, perhaps. But my argument would be that if this court doesn't decide that issue in R.J. Williams Farms' favor, that that would be an issue for the trial court. Because until either this court or a trial court, if it's remanded, deals with the issue of whether or not there's a binding enforceable agreement and the confirmation under the statute of frauds is a part of that analysis, then it would be my contention that it doesn't go to arbitration because there's no clear agreement to arbitrate any dispute under the contract until one concludes that there's a valid contract. So that's one of my concerns. The final issue here, we've indicated that there's no signature on the contract. We do not believe that summaries and notices that were proper under the statute of frauds or legally sufficient were sent out. Or more importantly, there's no information sufficiently reliable in the record to indicate the form and that they were sent. There's also an issue in terms of reasonability of time. This alleged contract occurred in June 2010, June 11, 2010. I think there may be an error when it indicates that a confirmation was sent in June 2012. I'm sure they mean 2010. But all you have is the provision I read that would indicate that in the normal course of business, what they would usually do is send a notice out the same day. But no evidence in this case whatsoever that it applies to this case. There appears to be a crop summary without a date. There are two different summaries, I believe, in August. One doesn't have a date, or one doesn't have a price, excuse me. And one doesn't have a readable price. And these were sent out in August 2010. And Top Flight can't even be specific about when they were sent. They simply plead that it was sent sometime in 2010, which adds another question of a lack of reliability. Didn't your client later request to deliver half of this grain that's in dispute to ADM? My client does have, and I realize I'm stepping outside of the record here, but in the interest of candor, my client has a long-term relationship with Top Flight grain and other contracts. So any grain that was developed in my client's position would be under other contracts and other agreements, not under 16.877, which is the subject of this lawsuit. Of course, the trial court didn't get to the point to where we filed an answer or affirmative offenses or so forth. So on the reasonability of time, we don't even see a year-end summary until January 11, 2000, or January 17, 2011, which is some seven months after the alleged contract. I realize the case law in Illinois goes in a number of places in terms of, under the statute of frauds, what the definition of reasonability of time is. You have the Byington case that says seven months isn't reasonable. You have the Bureau Service case that says eight months isn't reasonable. You have Irvington Elevator that says four months might or might not be. You have to look at the total circumstances, and that court didn't want to adopt a bright-line test. In this case, there's seven months that elapses before Top Flight sends out this year-end summary that even if sufficient, is seven months under the Byington case, which doesn't appear to be reasonable confirmation in this situation, particularly after a harvest season. So we are asking the court to affirm the decision of Judge Freese based on the fact that we believe this claim is asserted by the statute or is precluded by the statute of frauds, and to enter judgment accordingly. I notice I do have some time left. Do the justices have any other questions before I sit down since I don't have remarks? I have a question. Yes, sir. What does Exhibit A represent? Exhibit A would be the document purportedly prepared by Top Flight at their office as their record of what they believe to be a telephone order, unsigned by RJW or anybody on their behalf. But that has a CDOT price of $3.67, correct?   And it has 200,000 net bushels of No. 2 yellow corn. It does. It does. Had we received this document before the litigation occurred, then that would be sufficient notice. But aren't they alleging that this was sent? Isn't that what they are alleging? They are, but that goes back. I didn't mean to interrupt. No, no. Go ahead. That goes back to their paragraph. They are alleging that they normally send these confirmations out within a day, if not the same day if the order is laid in the day by the next day. I understand your argument, but you are basically saying the trial court could dismiss this case out on a 619 motion, even though the plaintiff has said they sent out what they've identified as Exhibit No. 8, which does, by the way, have the terms that are critical to the contract in it. It absolutely does. But Judge Freese concluded, and I realize you're going to make your decision irrespective of that, but the trial court concluded that there was no reliable evidence in the complaint and in the affidavits of Scott Dougherty and Derek Bruhn, managers for Top Flight, that there was no reliable information that this document before you, which I concede rather rapidly, would have been very sufficient and helpful. It has all the terms. It has the price. We would have reasonable notice that they believed an agreement existed and my client would have an obligation. But the trial court concluded that there was no reliable information that this was indeed sent out. Of course, we didn't get to the point in the trial court where we had an answer or affirmed our defenses and made a specific reference as to whether or not we received it. One of the arguments that counsel is making is that we needed to deny that we received all that. And I don't think you get to that point in the proceedings until they can clear the statute of frauds and confirm that they've done everything that they have to under Illinois law. Are there other questions? Thank you for the opportunity to participate in this process. Thank you, Mr. Cox. Mr. Unrath, any rebuttal? Thank you, Your Honor. Just briefly. Counsel opened his argument by suggesting that our affidavits are insufficient. I'd like to reiterate two points. First, whether this contract was void is an issue for the arbitrator and not for the trial court. Second, the affidavits are unnecessary to our complaint. When you have a breach of contract complaint, I believe it's necessary to attach a copy of the contract. We did that. We have the written confirmation that we sent that was attached to our complaint. He reads from paragraph 5 of the affidavit, one of the affidavits, which says it's the customary practice for Top Flight to send green purchase confirmations. And then says, but they never said that they actually did it. Well, they didn't. Not in that paragraph. You've got to go down to the next one, paragraph 6, which states, on or about June 10, 2010, RJW offered to sell... Oh, I'm sorry. It's not 6. We're all the way... On or... It's paragraph 7. On or about June 11, 2010, Top Flight issued futures-only green purchase confirmation dated June 10, 2010. That is in paragraph 7 of the affidavit. We did allege that we sent this out. Regardless, Your Honor, we alleged in the complaint itself that we sent this confirmation. Case law is very clear. When deciding a 2-6-19 motion, a court takes all well-pleaded facts in the complaint as true. There's been no suggestion that these are not well-pleaded facts. You can close the copy of our written confirmation. That statement is taken as true. You cannot allow a defendant to merely say, well, I don't agree. I think it's untrue. And that's sufficient to dismiss our complaint? It just doesn't make sense. We claim that there's a lack of reliable evidence. Well, isn't that a question of fact? It's also a hornbook law that a motion to dismiss cannot be granted where there are genuine issues of material fact. And from all of his argument appears to be arguing a motion for summary judgment. He said, well, these confirmations are illegible. We can't tell what they say. That means they're not reliable. Well, isn't that a question of fact? He says the notice wasn't sufficient, didn't include all the terms. Isn't that a question of fact? He says we didn't receive the subsequent acknowledgments in a sufficient amount of time. Isn't that a question of fact? The flaw in this case is the vehicle under which this case was dismissed. If you're going to dismiss this case under a 2-619 motion, you must attach sworn affidavits. You have to come forward with some competent evidence other than a mere denial of the allegations. And that's about all I have. Are there any further questions from the court? Thank you very much for your time. Thank you, counsel. The court will take this matter under advisement and be in recess until the next case.